UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORA GILLENWATER,

      Plaintiff,                                    Hon. Jane M. Beckering

v.                                                           Case No. 1:22-cv-907

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 56 years of age on her alleged disability onset date. (PageID.278). Plaintiff possesses an eleventh-grade education and worked previously as a receptionist. (PageID.55, 69). Plaintiff applied for benefits on November 29, 2018, alleging that she had been disabled since November 29, 2018, due to anxiety and panic attacks, post-traumatic stress disorder, vertigo, arthritis of the left hip, right knee injury, and atrial fibrillation. (PageID.278-86, 304).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Cindy Martin, in an opinion dated July 20, 2021, determined that Plaintiff did not qualify for disability benefits. (PageID.45-93). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee and left hip, diabetes mellitus, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.48-51).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can occasionally climb ramps and stairs but can never climb

ladders, ropes, or scaffolds; (2) she can occasionally balance, stoop, kneel, crouch, and crawl; and (3) she can have no exposure to hazards such as dangerous moving machinery and unprotected heights. (PageID.51). Based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a receptionist. (PageID.55). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Medical Source Opinion

Social worker Cindy VanderWeele and consulting psychologist Paul Kitchen, Ph.D., both expressed opinions regarding Plaintiff's ability to function. The ALJ, however, found these opinions unpersuasive. Plaintiff argues that she is entitled to relief because the ALJ's assessment of these opinions is not supported by substantial evidence.

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated the opinions in question pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

    A.    Cindy VanderWeele

VanderWeele completed a form report assessing Plaintiff's "mental functioning" ability in sixteen areas related to her ability to perform unskilled work. (PageID.1983-84). VanderWeele reported that Plaintiff's was "unable to meet competitive standards" in three categories and "seriously limited" in nine categories. (*Id.*). VanderWeele further reported that Plaintiff experienced "marked" limitations in her ability to (1) understand, remember, or apply information, and (2) maintain concentration, persistence, or pace. (PageID.1984). VanderWeele

reported that her opinion was supported by "client's diagnoses." (*Id*.). VanderWeele also submitted a single-page letter in which she indicated that her assessment was based primarily on Plaintiff's subjective allegations. (PageID.1986).

The ALJ discounted VanderWeele's opinion on the ground that "it is not consistent with or supported by the record. Specifically, the record did not include specific care from Ms. VanderWeele, and [Plaintiff] had little to no care in general for her mental impairments." (PageID.49). The record contains few, if any, treatment records from mental health professionals. Moreover, to the extent Plaintiff's care providers recorded observations regarding Plaintiff's mental status, such reveal that Plaintiff was not exhibiting symptoms or behaviors that warrant limitation beyond what the ALJ accounted for in her RFC. (PageID.410, 434-35, 466-67, 556, 568, 593-95, 920, 963, 1827).

Further detracting from VanderWeele's opinions is that, as the ALJ noted, there is nothing in the record suggesting that Plaintiff ever treated with VanderWeele. Plaintiff counters that "VanderWeele had observed Plaintiff" and such "observations are a proper foundation for her opinions." (ECF No. 15 at PageID.2034). But the only behavior or symptomatology VanderWeele stated that she witnessed was Plaintiff's "struggles to interact with others in structured situations." (PageID.1986). This observation is so vague as to be meaningless. It certainly does not support the argument that Plaintiff is more limited than the ALJ recognized. As is clear from her letter, VanderWeele placed great emphasis on

Plaintiff's subjective allegations, which enjoy little support in the record. (*Id.*). Accordingly, because the ALJ's rational for discounting Ms. VanderWeele's opinion is supported by substantial evidence this argument is rejected.

    B.    Paul Kitchen Ph.D.

On June 14, 2019, Plaintiff participated in a consultive examination conducted by Dr. Kitchen. (PageID.591-95). The results of a mental status examination were unremarkable. Specifically, Kitchen reported that Plaintiff exhibited "normal" motor activity, was "reasonably autonomous, and exhibited "adequate levels of insight." (PageID.593). Kitchen further observed that Plaintiff's "mental activity was spontaneous and well organized" and her "emotional reaction was friendly." (PageID.593-94). Plaintiff denied "any history of hallucinations, delusions, persecutions, obsessions, or unusual powers." (PageID.594). Plaintiff likewise denied "that others control her thoughts" or that she had ever experienced "suicidal ideation or suicide attempts." (*Id.*).

Kitchen concluded that Plaintiff exhibited "[n]o concerns regarding her ability to understand, remember, or apply information." (PageID.595). Likewise, "[n]o concerns regarding concentration, persistence and pace were observed." (*Id.*). Kitchen further opined, however, that Plaintiff "may have some mild difficulties with social interaction skills and may have some difficulty adapting to changes in the world around her." (*Id.*).

The ALJ found Dr. Kitchen's opinion persuasive except for "[t]he portion of the opinion that [Plaintiff] would have some difficulty adapting to changes in the world." (PageID.49). As for this observation, the ALJ found that such was inconsistent with the record, specifically evidence that Plaintiff received "very minimal care" for her emotional impairments. (*Id.*). As noted above, Plaintiff received minimal care for her emotional impairments and no care provider made observations or imposed limitations that are inconsistent with the ALJ's RFC assessment. Accordingly, because the ALJ's rational for discounting Dr. Kitchen's opinion is supported by substantial evidence this argument is rejected.

## II.   Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Plaintiff argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to sufficiently account for her (1) back and hip pain; (2) need to lie down periodically; and (3) abdominal pain. The record, however, simply does not support the argument that Plaintiff is more physically limited than

the ALJ recognized. The record reveals that the results of physical examinations, including gait, strength, and range of motion, were consistently unremarkable. (PageID.409-10, 425-26, 466-68, 565-66, 597-600, 881-82, 948-49, 968, 1001, 1028, 1559, 1827, 1968). Plaintiff's argument is premised on her subjective allegations, but the ALJ discounted such and Plaintiff has asserted no challenge to this determination.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. There is no doubt that Plaintiff experiences significant limitations. The ALJ's RFC finding, however, sufficiently accounts for such by restricting Plaintiff to a limited range of work. In sum, the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument is essentially that the ALJ should have weighed and evaluated the evidence

differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

Date: December 26, 2023                    /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge